**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

FILED
APR X 7

GEORGE MURPHY, individually,

Plaintiff,

v.

A. C. AND S., INC., a corporation; AIRCO, INC./THE BOC GROUP, a corporation; A.P. GREEN INDUSTRIES, a corporation; ARMSTRONG WORLD INDUSTRIES, INC., a corporation; ASBESTOS CLAIMS MANAGEMENT CORP., a corporation (fka NATIONAL GYPSUM COMPANY); C.E. THURSTON AND SONS, INC., a corporation; COLTECH INDUSTRIES, a corporation; COMBUSTION ENGINEERING, INC., a corporation; CSR, LTD., a corporation; DANA CORP., a corporation; DRESSER INDUSTRIES, a corporation; EMPIRE ACE INSULATION MFG. CORP., a corporation; ERICSSON, INC., as successor to ANACONDA STEEL & WIRE CO., a corporation; FERODO AMERICA, INC., a corporation; FOSTER WHEELER CORPORATION, as Parent Corporation to FOSTER WHEELER ENERGY CORPORATION, a corporation; FOSTER-WHEELER ENERGY CORP., a corporation; THE FLINTKOTE COMPANY, a corporation; GAF CORPORATION, a corporation; GARLOCK, INC., a corporation; GENERAL ELECTRIC COMPANY, a corporation; GENERAL REFRACTORIES COMPANY, a corporation; GEORGIA-PACIFIC CORPORATION, a corporation; HARBISON WALKER REFRACTORIES, a corporation; I.U. NORTH AMERICA, INC., a corporation; INDUSTRIAL HOLDINGS CO., a corporation, (fka CARBORUNDUM CO.); LINCOLN ELECTRIC MERGER CO., a corporation; MAREMONT CORP., a corporation; METROPOLITAN LIFE INSURANCE COMPANY, a corporation; MINNESOTA MINING & MANUFACTURING COMPANY, a corporation; NATIONAL SERVICES INDUSTRIES, INC., a corporation; NORTH AMERICAN REFRACTORIES COMPANY, a corporation; NOSROC CORP., a corporation; OWENS-ILLINOIS CORP., a corporation; PFIZER, INC., a corporation; PITTSBURGH CORNING CORPORATION, a corporation; PPG INDUSTRIES, INC., a corporation; QUIGLEY CO., INC., a corporation; RAPID AMERICAN CORP., a corporation; RHONE-POULENC AG., CO., a corporation; SHOOK & FLETCHER INSULATION CO., a corporation;T&N, LTD f/k/a T & N PLC, a corporation; UNION CARBIDE CHEMICALS AND PLASTICS CO., INC., a corporation; UNITED STATES MINERAL PRODUCTS CO., a corporation; W.R. GRACE CO., a corporation; and WESTINGHOUSE ELECTRIC CORP., a corporation.

Defendants.

CASE NO.

MICHAEL W. DOBBINS
UNITED STATES DISTRICT COURT

DOCKETED
APR 13 2000

**COMPLAINT**

00C 2171

**JUDGE HIBBLER**

**MAGISTRATE JUDGE SCHENKIER**

**COMPLAINT**

Now comes the plaintiff, George Murphy (hereinafter "Plaintiff"), by and through his attorneys, CASCINO VAUGHAN LAW OFFICES, LTD., and complains of defendants, as follows:

## JURISDICTION

1. Plaintiff, George Murphy, is an adult citizen of Illinois. plaintiff's address is 4052 West 115th Street, #403, Chicago, Illinois 60655. Plaintiff's Social Security number is 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. Plaintiff worked with asbestos at various job sites in the state of Illinois during his career as a CRANE OPERATOR.

2. The defendants are all corporations, none of which is incorporated in or has its principal place of business in the State of Illinois, and at all times relevant to the allegations contained herein were engaged in the business of designing, manufacturing and selling asbestos and/or asbestos-containing products and/or asbestos-insulated equipment (hereinafter referred to as "asbestos products"). Please refer to the attached Exhibit A for the state of incorporation and principal place of business of each defendant.

3. Jurisdiction is based on diversity of citizenship of the parties hereto under Title 28, United States Code, §1332.

4. The amount in controversy exceeds the sum of Seventy-Five Thousand Dollars, exclusive of interest and costs.

5. Venue is proper pursuant to Title 28, United States Code, §1391.

## GENERAL ALLEGATIONS

6. Plaintiff during the course of his employment at various job sites, including those listed on the attached Exhibit B, was exposed to asbestos dust or fibers emanating from the asbestos products which were sold, manufactured, distributed, packaged, installed or otherwise placed into commerce by all defendants with the exception of Minnesota Mining and Manufacturing, which during all times in issue designed, sold, manufactured, distributed, packaged, installed or otherwise placed into commerce air filtration devices or masks which were at times used by Plaintiff at certain job sites when Plaintiff was exposed to asbestos dust or fibers eminating from the asbestos products which were sold, manufactured, distributed, packaged, installed or otherwise placed into commerce by all defendants with the exception of Minnesota Mining and Manufacturing..

7. Plaintiff was ignorant of the dangerous nature of asbestos and of the nature of the risks incurred by workers working with or near said materials.

8. Plaintiff became aware of the asbestos-related condition and said condition was caused by defendants' wrongful conduct within the statute of limitations before the filing of this action.

9. As a direct and proximate result of the conduct of defendants, Plaintiff developed and has been diagnosed as having Pleural Thickening. See medical report at Exhibit C, attached hereto and incorporated herein by this reference.

10. Plaintiff suffered great pain, physical impairment, great mental pain and anguish, is liable for large sums of money for medical and hospital care, and suffered losses to his personal property and possessions.

## COUNT 1 - PRODUCTS LIABILITY - NEGLIGENCE

11. Plaintiff brings this count for negligence against all defendants, less METROPOLITAN LIFE INSURANCE COMPANY and MINNESOTA MINING AND MANUFACTURING COMPANY, and incorporates by reference all general allegations.

12. It was reasonably foreseeable by defendants that Plaintiff and other workers would be working with or in the proximity of defendants' asbestos products.

13. Defendants had a duty to exercise reasonable care for the safety of Plaintiff and others who worked with or were exposed to the defendants' asbestos products.

14. Defendants knew or in the exercise of ordinary or reasonable care ought to have known that exposure to their asbestos products caused disease and/or death and that Plaintiff did not know that asbestos products were dangerous or harmful.

15. Notwithstanding the aforementioned duty, defendants, and each of them, were negligent by one or more of the following acts or omissions:

a) Failed to adequately warn Plaintiff or others of the health hazards of asbestos;

b) Failed to warn Plaintiff or others of the danger and harm of the asbestos after the products or equipment were installed at the premises;

c) Failed to investigate or test for the health effects of asbestos prior to distribution and sale;

d) Failed to instruct Plaintiff, his employers or others in the use of precautionary measures relating to asbestos-containing products and/or asbestos-insulated equipment; and/or

e) Manufactured, supplied, or installed unsafe asbestos-containing products or asbestos-insulated equipment.

16. As a direct and proximate result of the acts and omissions of the defendants above, plaintiff was injured as described above.

## COUNT 2 - PRODUCTS LIABILITY - NEGLIGENCE

17. This claim is brought against MINNESOTA MINING AND MANUFACTURING for Negligence.

18. During the time in issue said defendant manufactured, supplied and distributed to Plaintiff air filtration devices to be worn on the face, including but not limited to 3M Product No. 8710.

19. Said devices were used by Plaintiff and others similarly situated.

20. At all relevant times, the defendant was negligent, in that said products did not in fact protect the ultimate user from inhalation of dangerous asbestos fibers and/or dust.

21. Plaintiff used and handled, or was otherwise exposed to, the supplying defendants' asbestos products in the conditions in which they left the control of such defendants, and in a manner that was reasonably foreseeable and/or anticipated by such defendants, in a manner that was unreasonably dangerous to Plaintiff.

22. Plaintiff and others similarly situated had a reasonable belief or expectation that said defendant MINNESOTA MINING AND MANUFACTURING'S air filtration products or devices would protect Plaintiff and others similarly situation from inhalation of dangerous asbestos fibers or dust.

23. MINNESOTA MINING AND MANUFACTURING was negligent in that it manufactured, supplied or installed a product, or equipment, that was unreasonably dangerous in nature in that it in fact failed to provide adequate protection against asbestos, and in particular:

a) Failed to adequately warn relating to the health hazards of asbestos products,

b) Failed to be accompanied by instructions concerning precautionary measures to be taken to

minimize the risk of health hazards associated with asbestos products,

c) Failed to adequately test their masks regarding it hazards to health, and

d) Failed to properly design their masks for prevention of inhalation of asbestos fibers and/or dust.

24. Plaintiff's exposure to the unreasonably dangerous air filtration products manufactured, supplied and installed by the defendant proximately caused injuries set forth above.

## COUNT 3 – CONSPIRACY

25. This claim is brought against all defendants herein for civil conspiracy and plaintiff incorporates the general allegations above.

26. The civil conspiracy defendants and other unnamed coconspirators knowingly and willfully combined, agreed, and conspired with each other for the purpose of accomplishing one or more of the following unlawful purposes:

a) Suppressing information about the health hazards of asbestos, including medical and scientific data, from those persons who would be exposed to the asbestos from the products made and sold by the conspirators,

b) Affirmatively asserting, in a manner not warranted by the information possessed by the conspirators, claims that the conspirators knew were false, namely, that it was safe to work with and in close proximity to asbestos.

27. The conspirators in communications between each other and through participation in trade organizations and committees of such trade organizations ratified and adopted the unlawful purposes and conduct of the conspiracy.

28. One or more of the conspirators performed the following tortious acts in furtherance of the conspiracy:

a) Manufactured, sold, packaged or installed unreasonably dangerous asbestos products to which the Plaintiff was exposed,

b) Failed to warn about health hazards of asbestos, failed to investigate health hazards of asbestos or failed to instruct about precautionary measures required for protection;

29. The agreement of the conspirators and acts done in furtherance of the agreement were the proximate causes of the injuries set forth above.

**COUNT 4 – PRODUCT LIABILITY (UNREASONABLY DANGEROUS PRODUCT)**

30. This claim is brought against MINNESOTA MINING AND MANUFACTURING for Product Liability.

31. During the time in issue said defendant manufactured, supplied and distributed in an unreasonably dangerous condition air filtration devices worn on the face presenting dangers to the life and health of the ultimate users thereof and to persons in the position of the Plaintiff.

32. Said devices were used by Plaintiff and others similarly situated and at all relevant times, the defendants placed said products in the market knowing that they would be used without inspection for a purpose for which they were unfit, namely, providing filtration of air to help protect the ultimate user from inhalation of dangerous asbestos fibers and/or dust.

33. Defendants expected such products and/or devices to reach Plaintiff and other users without substantial change in the condition they were in when sold.

34. Plaintiff used and handled, or was other exposed to, the supplying defendants' asbestos products in the conditions in which they left the control of such defendants and in a manner that was reasonably foreseeable and/or anticipated by such defendants.

35. These condition were unreasonably dangerous to Plaintiff, due in part to Plaintiff and others similarly situated having a reasonable belief or expectation that said products and or devices would protect Plaintiff and others similarly situated from inhalation of dangerous asbestos fibers and/or dust.

36. Defendant MINNESOTA MINING AND MANUFACTURING manufactured and supplied a product that was unreasonably dangerous in that it failed to adequately protect Plaintiff and others against asbestos, and in particular:

a) Failed to be accompanied by an adequate warning relating to health hazards of asbestos products;

b) Failed to be accompanied by instructions concerning precautionary measures to be taken to minimize the risk of health hazards associated with asbestos products;

c) Failed to be subjected to adequate investigation regarding its hazards to health, and

d) Failed to be properly designed, or specified for, the use and prevention of inhalation of asbestos fibers and/or dust.

37. Plaintiff exposure to the unreasonably dangerous products manufactured, supplied and installed by the defendant proximately caused the injuries set forth above.

## PUNITIVE DAMAGES

38. Defendants acted maliciously, with willful and wanton disregard for the rights of Plaintiff for which plaintiff is entitled to recover punitive damages.

## PRAYER FOR RELIEF

WHEREFORE, plaintiff prays for relief as follows:

a) Judgement against defendants, jointly and severally, for compensatory and general damages.

b) Such further legal and equitable relief as the Court orders to do justice in this case; costs and disbursements of this action.

## JURY TRIAL DEMAND

Plaintiff hereby demands a trial by a jury of 6.

**Dated** this ______ day of March, 2000.

One of the Plaintiff's Attorneys

MICHAEL P. CASCINO
CASCINO VAUGHAN LAW OFFICES, LTD.
403 West North Avenue
Chicago, Illinois 60610-1117
312-944-0600
312-944-1870 fax

**Exhibit A**
**Defendants' Home States and Principal Places of Business**

| | | |
|---|---|---|
| A.C. and S., Inc. | Delaware | Pennsylvania |
| Airco, Inc./ The BOC Group | Delaware | New Jersey |
| A.P. Green Industries | Delaware | Missouri |
| Armstrong World Industries, Inc. | Pennsylvania | Pennsylvania |
| Asbestos Claims Management Corp. | Delaware | Texas |
| C.E. Thurston and Sons | Delaware | Virginia |
| Coltec Industries Corp. | Pennsylvania | Virginia |
| Combustion Engineering, Inc. | Delaware | Massachusetts |
| C S R, Ltd. | Australia | Australia |
| Dana Corp. | Virginia | Ohio |
| Dresser Industries, Inc. | Delaware | Texas |
| Ericsson, Inc., as successor to Anaconda Wire & Cable Company | North Dakota | Wisconsin |
| Empire Ace Insulation Mfg. Corp. | New York | New York |
| Ferodo America, Inc. | Delaware | Tennessee |
| Foster Wheeler Corporation, as Parent Corporation to Foster Wheeler Energy Corporation | New York | New Jersey |
| Foster Wheeler Energy Corp. | Delaware | New Jersey |
| The Flintkote Company | Delaware | California |
| GAF Corporation | Delaware | New Jersey |
| Garlock, Inc. | Ohio | Ohio |
| General Electric Company | New York | Connecticut |
| General Refractories Company | Pennsylvania | Pennsylvania |
| Georgia-Pacific Corporation | Georgia | Georgia |
| Harbison Walker Refractories | Delaware | Pennsylvania |
| Industrial Holdings Co. | New York | New York |
| I.U. North America, Inc. | Delaware | Pennsylvania |
| Lincoln Electric Merger Co. | Ohio | Ohio |
| Maremont Corp. | Delaware | Indiana |
| Metropolitan Life Insurance Company | New York | New York |
| Minnesota Mining & Manufacturing Company | Delaware | Minnesota |
| National Services Industries, Inc. | Delaware | Indiana |
| North American Refractories Company | Ohio | Ohio |
| Nosroc Corp. | Pennsylvania | Pennsylvania |
| Owens-Illinois Corporation | Delaware | Ohio |

| | | |
|---|---|---|
| Pfizer, Inc. | Delaware | New York |
| PPG Industries, Inc. | Pennsylvania | Pennsylvania |
| Pittsburgh Corning Corporation | Pennsylvania | Pennsylvania |
| Quigley Co., Inc. | New York | New York |
| Rapid American Corp. | Delaware | Pennsylvania |
| Rhone Poulence Ag. Co., f.k.a. Amchem Products, Inc. | New York | New Jersey |
| Shook & Fletcher | Delaware | Alabama |
| T&N LTD, f/k/a T&N plc | Delaware | Britain |
| Union Carbide Chemicals and Plastics Co., Inc. | New York | New Jersey |
| United States Mineral Products Company | New Jersey | New Jersey |
| W.R. Grace Company | Connecticut | Florida |
| Westinghouse Electric Corp. | Pennsylvania | Connecticut |

Tuesday, March 21, 2000

ANSWER



| SSN | Last | FirstYrId | LastYrId | SiteLocation | SiteCity | SiteSt |
|---|---|---|---|---|---|---|
| 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 | Murphy | 1967 | 1991 | US Steel | South Chicago | IL |
| 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 | Murphy | 1992 | 1992 | Gary Works US Steel Group | Gary | IN |

PLAINTIFF'S EXHIBIT

tabbies

B

# ALVIN J. SCHONFELD D.O., F.C.C.P., F.A.A.D.E.P.

PULMONARY MEDICINE
OCCUPATIONAL LUNG DISEASE

905 W. CASTLEWOOD TERRACE
CHICAGO, ILLINOIS 60640-4128

GEORGE MURPHY

WORKER'S Social Security Number: 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

TYPE OF READING: A [X] B P

**1A. DATE OF X-RAY** — MONTH 11 DAY 19 YR 99

**1B. FILM QUALITY** — [X] 1 2 3 U/R — If Not Grade 1 Give Reason: ______

**1C. IS FILM COMPLETELY NEGATIVE?** — YES [ ] Proceed to Section 5 — NO [X] Proceed to Section 2

**2A. ANY PARENCHYMAL ABNORMALITIES CONSISTENT WITH PNEUMOCONIOSIS?** — YES [ ] COMPLETE 2B and 2C — NO [X] PROCEED TO SECTION 3

**2B. SMALL OPACITIES**

a. SHAPE/SIZE — PRIMARY: p s q t r u — SECONDARY: p s q t r u

b. ZONES — R L

c. PROFUSION — 0/- 0/0 0/1 — 1/0 1/1 1/2 — 2/1 2/2 2/3 — 3/2 3/3 3/+

**2C. LARGE OPACITIES** — SIZE: O A B C — PROCEED TO SECTION 3

**3A. ANY PLEURAL ABNORMALITIES CONSISTENT WITH PNEUMOCONIOSIS?** — YES [X] COMPLETE 3B, 3C and 3D — NO [ ] PROCEED TO SECTION 4

**3B. PLEURAL THICKENING**

a. DIAPHRAGM (plaque) — SITE: [X] O R L

b. COSTOPHRENIC ANGLE — SITE: O [X] R L

**3C. PLEURAL THICKENING . . . Chest Wall**

a. CIRCUMSCRIBED (plaque)

| | Right | Left |
|---|---|---|
| SITE | [X] O R | [X] O L |
| IN PROFILE i. WIDTH | O A B C | O A B C |
| ii. EXTENT | 0 1 2 3 | 0 1 2 3 |
| FACE ON iii. EXTENT | 0 1 2 3 | 0 1 2 3 |

b. DIFFUSE

| | Right | Left |
|---|---|---|
| SITE | [X] O R | [X] O L |
| IN PROFILE i. WIDTH | O A B C | O A B C |
| ii. EXTENT | 0 1 2 3 | 0 1 2 3 |
| FACE ON iii. EXTENT | 0 1 2 3 | 0 1 2 3 |

**3D. PLEURAL CALCIFICATION**

| SITE | [X] O R — EXTENT | [X] O L — EXTENT |
|---|---|---|
| a. DIAPHRAGM | 0 1 2 3 | 0 1 2 3 |
| b. WALL | 0 1 2 3 | 0 1 2 3 |
| c. OTHER SITES | 0 1 2 3 | 0 1 2 3 |

PROCEED TO SECTION 4

**4A. ANY OTHER ABNORMALITIES?** — YES [ ] COMPLETE 4B and 4C — NO [X] PROCEED TO SECTION 5

**4B. OTHER SYMBOLS (OBLIGATORY)**

0 ax bu ca cn co cp cv di ef em es fr hi ho id ih kl pi px rp tb

Report items which may be of present clinical significance in this section. — OD (SPECIFY od.) ______

Date Personal Physician notified? MONTH DAY YR

**4C. OTHER COMMENTS** ______

SHOULD WORKER SEE PERSONAL PHYSICIAN BECAUSE OF COMMENTS IN SECTION 4C. — YES NO — PROCEED TO SECTION 5

PLAINTIFF'S EXHIBIT C
tabbies

**5. FILM READER'S INITIALS** — AJS

PHYSICIAN'S SOCIAL SECURITY NUMBER — 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

[illegible signature]

NAME (LAST—FIRST—MIDDLE)

DATE OF READING — MONTH 12 DAY 23 YR 99

GEORGE MURPHY, individually v. A. C. AND S., INC., et al.

**Distribution List:**

A C AND S INC
C/O C T CORPORATION SYSTEM
208 S LASALLE ST STE 814
CHICAGO IL 60603-1135

AIRCO, INC./THE BOC GROUP
C/O CT CORPORATION SYSTEMS
208 S. LASALLE STREET
SUITE 814
CHICAGO IL 60604-1135

A.P. GREEN INDUSTRIES
CVCSC, INC.
C/O DARCY ROPER
P.O. BOX 950
525 BROOK STREET
ROCKY HILL, CT 06067

ARMSTRONG WORLD INDUSTRIES
C/O C T CORPORATION SYSTEM
208 S LASALLE ST STE 814
CHICAGO IL 60604-1135

ASBESTOS CLAIMS MANAGEMENT CORP
C/O W D HILTON JR
2608 EASTLAND AVE STE 202
GREENVILLE TX 75402-8920

C.E. THURSTON AND SONS, INC.
C/O H. VAUGHAN PRIVETT
485 BROOKSIDE COURT
NORFOLK VA 23502-2502

COLTEC INDUSTRIES CORP.
C/O CT CORPORATION SYSTEMS
ONE N CAPITAL AVE
INDIANAPOLIS IN 46204

COMBUSTION ENGINEERING, INC.
C/O THE CORPORATION TRUST COMPANY
1209 N. ORANGE STREET
WILMINGTON, DE 19801

C S R LTD

MICHAEL P. CASEY, ESQ.
LEWIS RICE & FINGERSH
500 NORTH BROADWAY
SUITE 2000
ST. LOUIS MO 63102

DANA CORP.
C/O CT CORPORATION SYSTEM
208 S. LASALLE STREET
SUITE 814
CHICAGO IL 60604-1135

DRESSER INDUSTRIES
C/O ILLINOIS SERVICE COMPANY
700 S. 2ND STREET
SPRINGFIELD IL 62704

EMPIRE ACE INSULATION MFG. CORP.
C/O SECRETARY OF STATE - NY
41 STATE STREET
ALBANY, NY

ERICSSON, INC., AS SUCCESSOR TO ANACONDA STEEL & WIRE COMPANY
C/O CT CORPORATION SYSTEMS
314 EAST THAYER AVE
BISMARK, ND 58502-0400

FERODO AMERICA, INC.
C/O THE CORPORATION TRUST COMPANY
1209 N. ORANGE STREET
WILMINGTON DE 19801

FOSTER-WHEELER CORPORATION, AS PARENT CORPORATION TO
FOSTER WHEELER ENERGY CORP.
C/O PRENTICE HALL CORP. SYSTEMS
4845 JIMMY CARTER BLVD.
NORCROSS GA 30093

FOSTER-WHEELER ENERGY CORP.
C/O U.S. CORPORATION COMPANY
1013 CENTRE ROAD
WILMINGTON DE 1980

THE FLINTKOTE COMPANY
C/O CORPORATION TRUST COMPANY
1209 N. ORANGE STREET
WILMINGTON DE 19801

GAF CORPORATION
C/O PRENTICE HALL CORPORATION SYS
1013 CENTER RD
WILMINGTON DE 19805-1265

GARLOCK INC
C/O C T CORPORATION SYSTEM
208 S LASALLE ST STE 814
CHICAGO IL 60604-1135

GENERAL ELECTRIC COMPANY
C/O C T CORPORATION SYSTEM
1209 N. ORANGE STREET
WILMINGTON DE 19801

GENERAL REFRACTORIES CO
C/O C T CORPORATION SYSTEM
1 N CAPITOL AVE STE 1000
INDIANAPOLIS IN 46204-2279

GEORGIA-PACIFIC CORPORATION
C/O C T CORPORATION SYSTEM
208 S LASALLE ST STE 814
CHICAGO IL 60604-1135

HARBISON WALKER REFRACTORIES
CVCSC, INC.
C/O CHRISTINE ASTIN
P.O. BOX 950
525 BROOK STREET
ROCKY HILL, CT 06067

INDUSTRIAL HOLDINGS CO.
C/O THE PRENTICE HALL CORP.
80 STATE STREET
ALBANY NY 12207

I.U. NORTH AMERICA, INC.
C/O THE CORPORATION TRUST COMPANY
1209 N. ORANGE STREET
WILMINGTON DE 19801

LINCOLN ELECTRIC MERGER CO.
C/O LEGAL COUNSEL
22801 ST. CLAIRE AVE.
CLEVELAND OH 44117

MAREMONT CORP.
C/O THE CORPORATION TRUST COMPANY
1209 N. ORANGE STREET
WILMINGTON DE 19801

METROPOLITAN LIFE INSURANCE CO
1 MADISON AVE
NEW YORK NY 10010-3690

MINNESOTA MINING & MANUFACTURING
C/O C T CORPORATION SYSTEM
PO BOX 1807
MADISON WI 53701-1807

NORTH AMERICAN REFRACTORIES CO
C/O C T CORPORATION SYSTEM
208 S LASALLE ST STE 814
CHICAGO IL 60604-1135

NATIONAL SERVICE INDUSTRIES, INC.
C/O THE CORPORATION TRUST COMPANY
1209 N. ORANGE STREET
WILMINGTON DE 19801

NOSROC, INC.
C/O CT CORPORATION TRUST COMPANY
1209 N. ORANGE STREET
WILMINGTON DE 19801

OWENS-ILLINOIS CORP.
C/O CT CORPORATION SYSTEMS
520 SW YAMHILL
SUITE 800
PORTLAND OR 97204

PFIZER, INC.
C/O CT CORPORATION SYSTEMS
1633 BROADWAY
NEW YORK NY 10019

PPG INDUSTRIES
C/O PRENTICE HALL CORPORATION SYS
1013 CENTER ROAD
WILMINGTON DE 19805

LEGAL COUNSEL
PITTSBURGH CORNING CORPORATION
800 PRESQUE ISLE DR
PITTSBURGH PA 15239-2799

QUIGLEY CO., INC.
C/O CT CORPORATION SYS
208 S. LASALLE STREET
CHICAGO IL 60604

RAPID-AMERICAN CORPORATION
C/O PRENTICE HALL CORPORATION SYS
380 S 5TH ST
COLUMBUS OH 43215

RHONE POULENC AG., CO.
C/O CT CORPORATION SYSTEMS
1635 MARKET STREET
PHILADELPHIA PA 19103

SHOOK & FLETCHER INSULATION CO.
C/O LEGAL COUNSEL
4625 VALLEYDALE ROAD
BIRMINGHAM, AL 35242

T&N PLC AS SUCCESSOR TO TURNER & NEWALL PLC AND TURNER & NEWALL, LTD
MANCHESTER INTERNATIONAL OFFICE CENTRE
STYAL ROAD
SUITE #15
MANCHESTER ENGLAND M225TN

UNION CARBIDE CHEMICALS AND PLASTICS CO., INC.
C/O THE CORPORATION TRUST CO.
1209 N. ORANGE STREET
WILMINGTON DE 19801

UNITED STATES MINERAL PRODUCTS CO
C/O LEGAL DEPARTMENT
41 FURNACE STREET
STANHOPE, NJ 07874

W R GRACE COMPANY
C/O PRENTICE HALL CORPORATION SYS
25 W MAIN ST
MADISON WI 53703

WESTINGHOUSE ELECTRIC CORPORATION
C/O CT CORPORATION SYSTEMS
44 E. MIFFLIN STREET
MADISON WI 53703

# CIVIL COVER SHEET

FILED

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THIS FORM.)

**I. (a) PLAINTIFFS**

GEORGE MURPHY, individually

**DEFENDANTS**

A. C. AND S., INC., et al.

00C 2171

APR X 7 2000

MICHAEL W. DOBBINS, CLERK
UNITED STATES DISTRICT COURT

DOCKETED

APR 13 2000

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF Cook
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

Cascino Vaughan Law Offices, Ltd.
403 West North Avenue
Chicago Illinois 60610-1117
312-944-0600 — 312-944-1870 (fax)

ATTORNEYS (IF KNOWN)

MAGISTRATE JUDGE SCHENK

**II. BASIS OF JURISDICTION** (PLACE AN "X" IN ONE BOX ONLY)

- ☐ 1 U.S. Government Plaintiff
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- X 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (PLACE AN "X" IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | X 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | X 2 | Incorporated *and* Principal Place of Business In This State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** *(PLACE AN "X" IN ONE BOX ONLY)*

- X 1 Original Proceeding
- ☐ 2 Removed From State Court
- ☐ 3 Remanded from Appellate Court
- 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

**V. NATURE OF SUIT** *(PLACE AN "X" IN ONE BOX ONLY)*

**CONTRACT**
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans)
- ☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☐ 190 Other Contract
- ☐ 195 Contract Product Liability

**REAL PROPERTY**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**TORTS**

PERSONAL INJURY
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury

PERSONAL INJURY
- ☐ 362 Personal Injury – Med. Malpractice
- ☐ 365 Personal Injury – Product Liability
- X 368 Asbestos Personal Injury Product Liability

PERSONAL PROPERTY
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**CIVIL RIGHTS**
- ☐ 441 Voting
- ☐ 442 Employment
- ☐ 443 Housing/ Accommodations
- ☐ 444 Welfare
- ☐ 440 Other Civil Rights

**PRISONER PETITION**
- ☐ 510 Motions to Vacate Sentence

HABEAS CORPUS
- ☐ 530 General
- ☐ 535 Death Penalty
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition

**FORFEITURE/PENALTY**
- ☐ 610 Agriculture
- ☐ 620 Other Food & Drug
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 630 Liquor Laws
- ☐ 640 R.R. & Truck
- ☐ 650 Airline Regs.
- ☐ 660 Occupational Safety/Health
- ☐ 690 Other

**LABOR**
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Mgmt. Relations
- ☐ 730 Labor/Mgmt. Reporting & Disclosure Act
- ☐ 740 Railway Labor Act
- ☐ 790 Other Labor Litigation
- ☐ 790 Empl. Ret. Inc. Security Act

**BANKRUPTCY**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
- ☐ 820 Copyright
- ☐ 830 Patent
- ☐ 840 Trademark

**SOCIAL SECURITY**
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
- ☐ 870 Taxes (U.S. Plaintiff Or Defendant)
- ☐ 871 IRS – Third Party 26 USC 7609

**OTHER STATUTES**
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce/ICC Rates/etc.
- ☐ 460 Deportation
- ☐ 470 Racketeer Influence and Corrupt Organizations
- ☐ 810 Selective Service
- ☐ 850 Securities/Commodities/ Exchange
- ☐ 875 Customer Challenge 12 USC 3410
- ☐ 891 Agricultural Acts
- ☐ 892 Economic Stabilization Act
- ☐ 893 Environmental Matters
- ☐ 894 Energy Allocation Act
- ☐ 895 Freedom of Information Act
- ☐ 900 Appeal of Fee Determination Under Equal Access to Justice
- ☐ 950 Constitutionality of State Statutes
- ☐ 890 Other Statutory Actions

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY.)

28 USC § 1332

**VII. REQUESTED IN COMPLAINT** CHECK IF THIS IS A CLASS ACTION ☐ UNDER F.R.C.P. 23 DEMAND $ over $75,000 CHECK YES only if demanded in complaint JURY DEMAND: X YES ☐ NO

**VIII. THIS CASE** X IS NOT A REFILING OF A PREVIOUSLY DISMISSED ACTION.
IS A REFILING OF CASE PREVIOUSLY DISMISSED BY JUDGE

DATE SIGNATURE OF ATTORNEY OF RECORD

Jason Wright

UNITED STATES DISTRICT COURT

# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

FILED

APR X 7 2000

MICHAEL W. DOBBINS, CLERK
UNITED STATES DISTRICT COURT

DOCKETED

APR 13 2000

GEORGE MURPHY, individually,
Plaintiff,

v.

A. C. AND S., INC., et al.
Defendants.

JUDGE HIBBLER

MAGISTRATE JUDGE SCHENKIER

CASE NO. 00C 2171

Appearances are hereby filed by the undersigned as attorney of record for George Murphy.

| (A) | |
|---|---|
| SIGNATURE | Jason Wright |
| NAME: | Jason Wright |
| FIRM: | Cascino Vaughan Law Offices, Ltd. |
| STREET ADDRESS: | 403 West North Avenue |
| CITY/STATE/ZIP: | Chicago, Illinois 60610-1117 |
| TELEPHONE NUMBER: | 312-944-0600 |
| IDENTIFICATION NUMBER: | 6270850 |
| MEMBER OF TRIAL BAR: | YES [X ] NO [ ] |
| TRIAL ATTORNEY: | YES [X ] NO [ ] |

| (B) | |
|---|---|
| SIGNATURE | |
| NAME: | |
| FIRM: | Cascino Vaughan Law Offices, Ltd. |
| STREET ADDRESS: | 403 West North Avenue |
| CITY/STATE/ZIP: | Chicago, Illinois 60610-1117 |
| TELEPHONE NUMBER: | 312-944-0600 |
| IDENTIFICATION NUMBER: | |
| MEMBER OF TRIAL BAR: | YES [ ] NO [ ] |
| TRIAL ATTORNEY: | YES [ ] NO [ ] |

| (C) | |
|---|---|
| SIGNATURE | |
| NAME: | |
| FIRM: | Cascino Vaughan Law Offices, Ltd. |
| STREET ADDRESS: | 403 West North Avenue |
| CITY/STATE/ZIP: | Chicago, Illinois 60610-1117 |
| TELEPHONE NUMBER: | 312-944-0600 |
| IDENTIFICATION NUMBER: | |
| MEMBER OF TRIAL BAR: | YES [ ] NO [ ] |
| TRIAL ATTORNEY: | YES [ ] NO [ ] |

| (D) | |
|---|---|
| SIGNATURE | |
| NAME: | |
| FIRM: | Cascino Vaughan Law Offices, Ltd. |
| STREET ADDRESS: | 403 West North Avenue |
| CITY/STATE/ZIP: | Chicago, Illinois 60610-1117 |
| TELEPHONE NUMBER: | 312-944-0600 |
| IDENTIFICATION NUMBER: | |
| MEMBER OF TRIAL BAR: | YES [ ] NO [ ] |
| TRIAL ATTORNEY: | YES [ ] NO [ ] |